1

2

3

4

5

6

7                           UNITED STATES DISTRICT COURT

8                      FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   HENRY WATSON,                          No.  2:13-cv-2605 GGH P

11                 Petitioner,

12        v.                                ORDER

13   CALIFORNIA DEPARTMENT OF
     CORRECTIONS,
14
                  Respondent.
15

16

17        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254.  Petitioner has not filed an application to proceed in forma

19   pauperis or paid the filing fee.  Petitioner is currently confined at California Men's Colony

20   ("CMC"), which is in the Central District of California.  The application attacks a prison

21   disciplinary finding issued by CMC.  Petitioner has named as respondent, "California Department

22   of Corrections Directors Department, Sacramento, Calif."

23        It is established that a petition for habeas corpus relief under 28 U.S.C. § 2254 must name

24   "the state officer having custody of him or her as the respondent to the petition."  Stanley v. Cal.

25   Supreme Court, 21 F.3d 359, 360 (9th Cir.1994).  The U.S. Supreme Court has reiterated that

26   with certain infrequent exceptions not applicable here, that the proper respondent is "the person

27   who has custody over [the petitioner]."  Rumsfeld v. Padilla, 542 U.S. 426, 434-35, 124 S. Ct.

28   2711, 2717-18 (2004), citing 28 U.S.C. §§ 2242, 2243.  "The default rule is that the proper

                                             1

1   respondent is the warden of the facility where the prisoner is being held, not the Attorney General

2   or some other remote supervisory official." Id. Thus, the proper custodian is the warden or

3   sheriff in charge of the facility where the prisoner is confined.

4          Any warden or sheriff in California is amenable to personal jurisdiction in the Eastern

5   District in cases challenging state prison disciplinary actions because personal jurisdiction is a

6   state-wide, not individual district, concept.  However, venue concepts are oriented to individual

7   districts.  In habeas corpus cases, venue is proper: (1) in the district of confinement, or (2) in the

8   district of "conviction and sentencing."  28 U.S.C. § 2241(d).

9          The case of a challenge to a prison disciplinary action resulting in the loss of time credits,

10  although an administrative decision, is analogous to a "conviction and sentencing" in that the

11  court will be concerned with the ease of mustering witnesses and evidence.  Thus, transferring to

12  the district of conviction is preferable because evidence and witnesses for any evidentiary hearing

13  are more likely to be located there.  The California federal district courts have long employed a

14  blanket transfer policy to the district of conviction for "conviction" habeas cases.

15         Therefore, the court construes a challenge to a prison disciplinary action as more similar

16  to a challenge to a conviction than to a parole suitability denial.  While both this Court and the

17  United States District Court in the district where petitioner was convicted have jurisdiction, see

18  Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973), any and all witnesses and evidence

19  necessary for the resolution of petitioner's application are more readily available in San Luis

20  Obispo County.  Id. at 499 n.15; 28 U.S.C. § 2241(d).

21         Accordingly, in the furtherance of justice, IT IS HEREBY ORDERED that: This matter is

22  transferred to the United States District Court for the Central District of California.

23  Dated:  February 3, 2014

24                                          /s/ Gregory G. Hollows

25                                  UNITED STATES MAGISTRATE JUDGE

26  GGH:076/Wats2605.108-disc

27

28
                                          2